UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-20-277-G |
| | ) |
| OSHAY SHADON BROWN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion to Suppress (Doc. No. 16), filed through counsel for Defendant Oshay Shadon Brown. The Government has responded in opposition (Doc. No. 21). On March 2, 2021, the Court conducted an evidentiary hearing on the Motion. Defendant appeared personally and through counsel, William Earley. The Government appeared through Assistant U.S. Attorney Arvo Mikkanen. The Court heard the testimony of Michelle Campbell, a security officer at Goldsby Gaming Center, and Sharon Wostal, an officer of the Chickasaw Lighthorse Nation Police Department ("CLNPD").[1] Upon consideration of the evidence and the parties' arguments, the Court denies the Motion.

I.     Standard

"The purpose of a suppression hearing is 'to determine preliminarily the admissibility of certain evidence allegedly obtained in violation of defendant's rights under the Fourth and Fifth Amendments.'" *United States v. Maurek*, 131 F. Supp. 3d 1258, 1261-62 (W.D. Okla. 2015) (quoting *United States v. Merritt*, 695 F.2d 1263, 1269 (10th Cir.

---

[1] The Court finds these witnesses' testimony credible as to any portions relied upon herein.

1982)). "'The proponent of a motion to suppress has the burden of adducing facts at the suppression hearing indicating that his own rights were violated by the challenged search.'" *Id.* at 1262 (quoting *United States v. Eckhart*, 569 F.3d 1263, 1274 (10th Cir. 2009)). The government must then prove by a preponderance of the evidence that the search or seizure that occurred was lawful—e.g., that exigent circumstances or another exception to the warrant requirement existed or that the evidence sought to be suppressed was not the fruit of the poisonous tree. *See id.*; *United States v. Burciaga*, 687 F.3d 1229, 1230 (10th Cir. 2012); *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974); *see also United States v. Chavez*, 985 F.3d 1234, 1240 (10th Cir. 2021) ("Though the defendant bears the burden of proving whether and when the Fourth Amendment was implicated, the government then bears the burden of proving that its warrantless actions were justified by an exception." (alterations and internal quotation marks omitted)).

II.  Background

Shortly after midnight on July 17, 2020, CNLPD Officer Wostal was patrolling the Goldsby Gaming Center parking lot when she observed a black 2015 Nissan with a Chickasaw Nation license plate that had mud and grass stuck to the tires, undercarriage, and side. Based upon the car's appearance, Officer Wostal then asked Ms. Campbell to contact the casino's surveillance department and find out who had been driving the car. When Officer Wostal looked more closely into the car using a flashlight, she saw two alcoholic beverage containers behind the passenger seat, with at least one container opened. Officer Wostal also observed a partially burnt brown cigarette or cigarillo containing a green leafy substance, which she suspected was marijuana, on the driver's side floorboard.

A male casino patron, later identified as Defendant, began walking toward the car. When asked, Defendant stated that the car was his. While speaking with Defendant, Officer Wostal observed him to have bloodshot, watery eyes and slurred, delayed speech, and she testified that she could smell alcohol on his person. Officer Wostal asked Defendant if he had been involved in an accident recently due to the muddy appearance of the vehicle. Defendant told her that he had driven over a curb while pulling into the casino. Officer Wostal then asked Defendant if he had a state medical marijuana card, and Defendant answered that he did not.

Officer Wostal then told Defendant she was going to search his car, explaining that she had probable cause to search and that she did not require consent from him due to the alcohol and marijuana being in plain view in the vehicle. Defendant offered to retrieve the marijuana for her. Based on Officer Wostal's experience, Defendant's offer indicated that there was something else, such as a weapon or narcotics, inside the vehicle. Defendant's statement also confirmed Officer Wostal's suspicion that the green, leafy substance she had previously observed was marijuana. Officer Wostal told Defendant that he would not be allowed inside the vehicle until after she had conducted her search.

Based on her training and experience, Officer Wostal concluded that Defendant was exhibiting clues of impairment and that he was likely hiding something in the vehicle. She observed that he had sweat running down his face and dripping from his nose and chin. She asked Defendant if she would find anything else illegal in the vehicle such as guns or other drugs. Defendant stated that she would not. Defendant pulled out his key fob and unlocked the vehicle door.

Officer Wostal opened the driver's side door and almost immediately noticed a handgun in the door pocket inside that door. Officer Wostal notified Defendant that she was detaining him and then placed him in handcuffs. Upon further questioning, Defendant stated that he was a convicted felon.

### III.  Discussion

Defendant argues that all statements and evidence obtained as a result of the search of his vehicle should be suppressed because "the facts do not support a finding of probable cause to believe evidence of a crime was inside the car." Def.'s Mot. to Suppress at 4. The Government responds that the warrantless search of the car was supported by probable cause and that the seizure of items inside was authorized by, at a minimum, the plain view doctrine. *See* Gov't Resp. at 5-12.

#### A. *The Initial Search of the Vehicle*

As explained by the Tenth Circuit, "The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *United States v. Burgess*, 576 F.3d 1078, 1087 (10th Cir. 2009). "'It is a cardinal principle that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Id.* (alteration omitted) (quoting *United States v. Ross*, 456 U.S. 798, 825 (1982)).

One of these established exceptions to the warrant requirement is the "automobile exception." *Id.* Pursuant to this exception, "[i]f there is probable cause to believe a vehicle

contains evidence of criminal activity, the warrant requirement does not apply to a search of any area of the vehicle in which the evidence might be found." *United States v. Polly*, 630 F.3d 991, 999 (10th Cir. 2011) (internal quotation marks omitted); *see also Ross*, 456 U.S. at 825 ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."). The automobile exception to the Fourth Amendment's warrant requirement "allows the police to conduct a search of a vehicle if (1) the vehicle is readily mobile; and (2) the police have probable cause for the search." *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007); *accord United States v. Medina-Gonzalez*, 437 F. App'x 714, 718 (10th Cir. 2011).

There is no dispute that Defendant's vehicle was operational and thus "readily mobile." *See United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir. 2003). And "[p]robable cause to search a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence." *United States v. Chavez*, 534 F.3d 1338, 1344 (10th Cir. 2008) (internal quotation marks omitted). Given Officer Wostal's observation of alcohol containers and marijuana inside the car, Defendant's implicit confirmation of the presence of marijuana in the car, and Officer Wostal's reasonable impressions of impairment of and secretive behavior by Defendant, there was "a fair probability" that the car contained contraband or evidence. *Id.* Although Defendant argues that the casino surveillance video footage of him from that evening does not reflect any obvious intoxication or nervousness, Officer Wostal credibly testified in detail as to her firsthand observations of Defendant and his vehicle. And, while

5

Defendant questions whether Officer Wostal could have seen the marijuana on the floorboard, Officer Wostal's testimony that she did so is corroborated by her questioning of Defendant—prior to the search—as to whether he had a state medical marijuana card and by Defendant's offer to retrieve the marijuana. In accordance with the authorities cited above, the Court concludes that probable cause was established and that the search of Defendant's vehicle was proper under the automobile exception to the warrant requirement. *See id.*; *see also Mercado*, 307 F.3d at 1231 (holding that defendant's "strange behavior" toward his vehicle "was sufficient to give the officer probable cause to believe that he was trying to hide contraband"); *United States v. Spoerke*, 568 F.3d 1236, 1249 (11th Cir. 2009) (finding that officer who, during a traffic stop, recognized items on floorboard to be improvised explosive devices had probable cause to seize the items and to search the vehicle for additional contraband).

### B. The Seizure of Items Within the Vehicle

"It is well established that under certain circumstances the police may seize evidence in plain view without a warrant." *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971). "The plain view doctrine allows a law enforcement officer to seize evidence of a crime, without violating the Fourth Amendment, if (1) the officer was lawfully in a position from which the object seized was in plain view, (2) the object's incriminating character was immediately apparent (i.e., there was probable cause to believe it was contraband or evidence of a crime), and (3) the officer had a lawful right of access to the

object." *United States v. Khan*, 989 F.3d 806, 818 (10th Cir. 2021) (internal quotation marks omitted).[2]

Thus, "an officer may, if on the premises . . . under an exception of the warrant requirement, seize items which immediately appear to be evidence or contraband of a crime." *Id.* Probable cause "merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).

Here, Officer Wostal was legally searching the vehicle as outlined above. Once inside, she immediately observed the firearm in plain view in the door pocket. Further, Officer Wostal testified that possession of a firearm by someone who is intoxicated is both a tribal and state offense. *See* Gov't Resp. at 4, 12; *see, e.g.*, Chickasaw Nation Code § 5-1506.7(A)(1) ("It shall be unlawful to . . . have a Dangerous Weapon in one's actual possession . . . while being intoxicated or otherwise under the influence of alcoholic beverages or other intoxicating substance, drug, or medicine[.]"). Probable cause thus existed to find that the firearm, as well as the marijuana and alcohol, was sufficiently "tied

---

[2] Contrary to the Government's contention, "there is no inadvertent discovery requirement under the plain view doctrine." *Khan*, 989 F.3d at 818.

to a crime" or had an "incriminating nature" that "was 'immediately apparent.'" *Chavez*, 985 F.3d at 1247.[3]

## CONCLUSION

For all of these reasons, Defendant's Motion to Suppress (Doc. No. 16) is DENIED.

IT IS SO ORDERED this 26th day of April, 2021.

CHARLES B. GOODWIN
United States District Judge

---

[3] *See also* 21 U.S.C. § 844 (penalizing possession of a controlled substance); Chickasaw Nation Code § 5-1506.21 (same); *id.* § 5-1506.17 (penalizing intoxication in certain locations).