UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OSHAY SHADON BROWN, )<br>)<br>Defendant. ) | Case No. CR-20-277-G |

### ORDER

On December 9, 2021, this matter came before the Court for sentencing, including consideration of objections filed by Defendant Oshay Shadon Brown to the Final Presentence Investigation Report ("PSR," Oct. 26, 2021 (Doc. No. 41)). *See* PSR Add. (Doc. No. 41, at pp. 30-36). The Court also considered the Sentencing Memorandum (Doc. No. 42) filed by Defendant, portions of an exhibit submitted by the Government, several items of correspondence, and argument from both parties.

Defendant appeared at the sentencing hearing personally and through his attorney, William Earley. The Government appeared through Assistant U.S. Attorney Arvo Mikkanen.

The Court issued oral rulings on Defendant's objections and other matters at the sentencing hearing. This written order shall supplement and amend the Court's oral rulings.

   *I.   Background*

On June 10, 2021, the Court conducted a nonjury trial and found Defendant guilty

on a single count of Felon in Possession of a Firearm and Ammunition on or about July 17, 2020, in violation of 18 U.S.C. § 922(g)(1).  *See* Ct.'s Written Decision on Nonjury Trial (Doc. No. 37); Indictment of Oct. 21, 2020 (Doc. No. 1).

Following submission of the PSR, the Court held a sentencing hearing.  As set forth in the PSR, the applicable starting guideline is *United States Sentencing Commission Guidelines Manual* ("USSG") § 2K2.1.  *See* USSG § 2K2.1 & app. A; *see also* PSR ¶ 15.  The PSR calculates the base offense level as 24 pursuant to USSG § 2K2.1(a)(2) because Defendant committed the offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  USSG § 2K2.1(a)(2); *see* PSR ¶ 15.  The PSR cites three prior felony convictions of Defendant in Oklahoma state court as § 2K2.1(a)(2) predicate convictions: (1) unlawful possession of a controlled dangerous substance (marijuana) with intent to distribute (No. CF-2007-108 (Carter Cnty. Dist. Ct.)); (2) aggravated assault and battery (No. CF-2010-404 (Carter Cnty. Dist. Ct.)); and (3) kidnapping (No. CF-2012-2340 (Cleveland Cnty. Dist. Ct.)).  *See* PSR ¶ 15; *see also id.* ¶¶ 31, 34, 36.

II.  *Base Offense Level: Prior Felonies and* McGirt v. Oklahoma

Defendant first argues that consideration of the three state-court convictions is improper because, pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the State of Oklahoma lacked jurisdiction to prosecute him and the "convictions are void ab initio." PSR Add. at 30, 32-33, 35; *see also* Def.'s Sent'g Mem. at 8-9.

While Defendant reportedly has sought postconviction relief in these state-court cases on the basis they are void per application of *McGirt*, it is undisputed that as of this

date the felony convictions have not been vacated or otherwise nullified in any way by any court. Further, each of Defendant's convictions was final at the time *McGirt* was decided, and Oklahoma's highest criminal court has determined that "*McGirt* and our post-*McGirt* decisions recognizing [the Cherokee, Choctaw, and Chickasaw Reservations] shall not apply retroactively to void a conviction that was final when *McGirt* was decided." *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), *petition for cert. filed*, No. 21-467 (U.S. Sept. 29, 2021).

The Court therefore concurs with the PSR, overrules Defendant's objection, and concludes that consideration of these prior convictions for purposes of application of USSG § 2K2.1(a)(2) is not prohibited by or improper pursuant to *McGirt*. *Cf.* USSG § 4A1.2 cmt. n.6 (noting that while reversed or vacated convictions may not be counted in computing a defendant's criminal history, "this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law"); *United States v. Mateo*, 271 F.3d 11, 16 (1st Cir. 2001) (holding that when determining whether to add criminal history points a sentencing court "ordinarily is not required to look beyond the face of the state-court record").

III. *Base Offense Level: Consideration of Prior Felony Convictions*

Defendant additionally argues that his drug-possession conviction does not qualify as "a controlled substance offense," and that his aggravated assault and battery and kidnapping convictions do not qualify as "crime[s] of violence," and so USSG § 2K2.1(a)(2), which requires "at least two" qualifying prior felony convictions, should not prescribe his base offense level. USSG § 2K2.1(a)(2); *see* PSR Add. at 30-36.

3

The Court considers each conviction in turn.

### A. *Carter County District Court Case No. CF-2007-108*

On October 10, 2007, Defendant pled guilty to one count of unlawful possession of the controlled dangerous substance ("CDS") of marijuana with intent to distribute in Carter County District Court. PSR ¶ 31. Defendant's sentence was initially deferred for five years, but in January 2011, at the request of the State to accelerate the deferred sentence, Defendant was sentenced to a term of imprisonment of two years on the possession offense. *Id.*

As noted, § 2K2.1(a)(2) directs a sentencing court to apply a base offense level of 24 if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). The Guidelines define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

Defendant argues that his conviction in Case No. CF-2007-108 should not be counted as a "controlled substance offense" under § 2K2.1(a)(2) because "Oklahoma's inclusion of hemp at the time of the offense results in Oklahoma's controlled substances laws being more broad than federal law, thus excluding Oklahoma convictions from the definition of controlled substance offense for guideline purposes." PSR Add. at 31 (citing

Oklahoma's Uniform Controlled Dangerous Substances Act, Okla. Stat. tit. 63, §§ 2-101 et seq.); *see also* Def.'s Sent'g Mem. at 9-10. Defendant further contends that Oklahoma's statute remains overbroad today because it only excludes specific "industrial hemp" items from its definition of marijuana. PSR Add. at 31.

In the Tenth Circuit's recent decision *United States v. Jones*, 15 F.4th 1288 (10th Cir. 2021), the defendant similarly argued that a prior Oklahoma conviction for possession of a controlled substance with intent to distribute should not be a "controlled substance offense" under § 2K2.1(a) because "the Sentencing Commission did not intend to include state convictions based on a controlled substance not identified in the Controlled Substances Act ('CSA') to serve as predicate offenses when determining a defendant's base-offense level." *Id.* at 1289-90. The Tenth Circuit rejected this argument, explaining that: (i) "[I]n interpreting the [USSG], we focus on the Sentencing Commission's intent."; (ii) "[USSG] § 4B1.2(b)'s controlled-substance-offense definition necessarily applies to and includes state-law controlled-substance offenses."; and (iii) "[B]y not referencing the [CSA] definition in § 4B1.2(b), the Commission evidenced its intent that the enhancement extend to situations in which the state-law offense involved controlled substances not listed in the [CSA]." *Id.* at 1289, 1292, 1294. The *Jones* court explained:

> [D]isregarding *any* conviction under a state's categorically broader, indivisible drug-offense statute in determining whether to enhance a defendant's sentence arguably undermines national uniformity in sentencing more than considering *all* state-law convictions under indivisible or divisible statutes, though some convictions might involve non-CSA-listed substances. And, national uniformity aside, ignoring prior state-felony convictions in sentencing determinations, whether or not they involve non-CSA-listed substances, flouts Congress's intent that the Guidelines prescribe an enhanced sentence for defendants with "a history of two or more prior

5

>Federal, State, or local felony convictions for offenses committed on different occasions." 28 U.S.C. § 994(i)(1); [*United States v. Henderson*, 11 F.4th 713, 717 (8th Cir. 2021)].

*Jones*, 15 F.4th at 1296.  Applying these precepts, the *Jones* court specifically held that the defendant's conviction under "Oklahoma's law prohibiting distribution of a controlled substance" "qualifies as a 'controlled substance offense' under § 4B1.2(b)." *Id.* at 1294 (citing Okla. Stat. tit. 63, § 2-401).

Defendant's position therefore is foreclosed by *Jones*.  The Court overrules Defendant's objection and finds that Defendant's conviction in Carter County District Court Case No. CF-2007-108 satisfies the criteria of USSG § 4B1.2(b) and is a prior felony conviction of "a controlled substance offense" within the meaning of USSG § 2K2.1(a)(2). *See id.* at 1290, 1296; *accord United States v. Ritchie*, No. 20-6069, 2021 WL 4889801, at *1 (10th Cir. Oct. 20, 2021); *United States v. Russey*, No. 20-6036, 2021 WL 4979819, at *3 (10th Cir. Oct. 27, 2021).

### B.  *Carter County District Court Case No. CF-2010-404*

On August 6, 2010, Defendant was charged via an Information in Carter County District Court with aggravated assault and battery in violation of title 21, section 646 of the Oklahoma Statutes.  *See* Gov't's Ex. 1; Def.'s Sent'g Mem. at 11.  Defendant pled guilty on January 5, 2011, and was sentenced to two years' imprisonment.  PSR ¶ 34.

As relevant here, the Guidelines define "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that "has as an element the use, attempted use, or threatened use of physical force against the person

of another." USSG § 4B1.2(a)(1);[1] *see also id.* § 2K2.1 cmt. n.1. Defendant objects that his aggravated assault and battery conviction is not one "of . . . a crime of violence" under § 2K2.1(a)(2) because the commission of aggravated assault and battery under the Oklahoma statute can be committed in two different circumstances: (1) when there is infliction of "great bodily injury"; or (2) when the assault and battery is committed by someone "of robust health or strength" upon a victim "who is aged, decrepit, or incapacitated." USSG § 2K2.1(a)(2); Okla. Stat. tit. 21, § 646(A)(1), (2); *see* PSR Add. at 31-32; Def.'s Sent'g Mem. at 10-11. According to Defendant, both of these methods were included in the charge filed in the state-court case, and "[n]othing in the record of the case reflects whether [Defendant] was convicted of violating §646(A)(1) or (2)," and so the Court must "analyze whether the least serious offense category in the statute"—i.e., section 646(A)(2)—satisfies the "physical force" requirement of § 4B1.2(a)(1). Def.'s Sent'g Mem. at 11; *see Johnson v. United States*, 559 U.S. 133, 140 (2010) ("[I]n the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force— that is, force capable of causing physical pain or injury to another person." (emphasis omitted)). Defendant argues that because section 646(A)(2) does not satisfy the physical-force requirement, his conviction does not qualify as a crime of violence. *See* Def.'s Sent'g Mem. at 10-11; PSR Add. at 31-32 (citing *United States v. Johnson*, 911 F.3d 1062 (10th

---

[1] Given the Court's finding herein, the Court need not consider the relevant conviction under USSG § 4B1.2(a)(2), which enumerates "aggravated assault" as a crime of violence. USSG § 4B1.2(a)(2); *see, e.g.*, *United States v. Aluya*, 590 F. App'x 433, 434 (5th Cir. 2015) (finding that a conviction under section 646(A)(1) "f[ell] within the generic, contemporary meaning of aggravated assault" and therefore "qualifie[d] as an enumerated crime of violence" under another USSG provision).

7

Cir. 2018)).

"When determining whether a prior conviction is a crime of violence, the Supreme Court has instructed sentencing courts to take a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *United States v. Maldonado-Lopez*, 517 F.3d 1207, 1209 (10th Cir. 2008) (internal quotation marks omitted); *see Taylor v. United States*, 495 U.S. 575, 600 (1990). To instead permit a "modified categorical approach,"

> the statute which defines the crime of conviction must include alternative elements, not merely alternative means for committing a single crime. When a modified categorical approach is required because the statute includes alternative elements, courts may look to a limited class of documents (for example, the indictment, jury instructions, or plea agreement or colloquy), to determine what crime, with what elements, a defendant was actually convicted of. The specific facts of the case are, however, irrelevant.

*United States v. Fisher*, No. CR-08-293-F, 2017 WL 8186690, at *2 (W.D. Okla. Aug. 25, 2017) (citations omitted) (citing *Mathis v. United States*, 136 S. Ct. 2243 (2016)); *see also United States v. Manzanares*, 956 F.3d 1220, 1227 n.4 (10th Cir. 2020).

As previously found by another judge of this Court, "Oklahoma's highest criminal court would consider [title 21, section 646 of the Oklahoma Statutes] a divisible statute which sets out alternative elements rather than alternative means." *Fisher*, 2017 WL 8186690, at *4. Accordingly, the Court "applies the modified categorical approach to determine which set of elements applied to [Defendant's] conviction." *Id.*; *see also Mathis*, 136 S. Ct. at 2248 (explaining that "elements" are what "the prosecution must prove" and "what the defendant necessarily admits when he pleads guilty" (internal quotation marks omitted)).

To that end, the Court has considered, in addition to the charging statute, the Information and the written Guilty Plea accepted by the state court. *See* Gov't's Ex. 1.[2] The Information alleges that Defendant "unlawfully, willfully, knowingly and wrongfully" committed an aggravated assault and battery

> upon one [D.W.B.], an aged person, by hitting him in the eye with force and violence and did thereby inflict bodily injury upon the body of said [D.W.B.], which did result in the permanent loss of said eye, with the unlawful intent to do [D.W.B.] corporal hurt and great bodily injury, contrary to the form of the statute in such cases made and provided.

*Id.* In Defendant's Guilty Plea, he admits that he "commit[ted] the acts as charged in the Information" and states, "I hit them." *Id.*

As referenced at the sentencing hearing, this charging document includes terms found both in section 646(A)(1)—e.g., by referencing "great bodily injury"—and in section 646(A)(2)—by identifying the victim as "aged." Okla. Stat. tit. 21, § 646(A)(1), (2). Defendant's plea thus admitted to allegations that potentially implicated both statutory provisions. Having further reviewed the record and applicable authorities, however, the Court expands upon its previous findings and determines that Defendant "was actually convicted of" aggravated assault and battery through infliction of great bodily injury in violation of section 646(A)(1), rather than a violation of section 646(A)(2). *Fisher*, 2017 WL 8186690, at *2.

In *Fisher*, the Court found that section 646(A)(1) applied to the defendant's

---

[2] The Government's exhibit also included an affidavit filed in support of issuance of an arrest warrant for Defendant. Although the Court referenced this document at the sentencing hearing in describing the materials submitted, it hereby clarifies that it has not considered the affidavit in reaching any sentencing-related determination.

conviction where the charging document stated that the defendant had "hit[], kick[ed] and str[uck] the head of the victim" "with intent to do bodily harm." *Id.* at *2 n.8. Here, similarly, the Information alleged that Defendant "hit[] [D.W.B.] in the eye with force and violence," "did thereby inflict bodily injury" "result[ing] in the permanent loss of said eye," and had "the unlawful intent to do [D.W.B.] corporal hurt and great bodily injury." Gov't's Ex. 1. Therefore, although the Information includes a single reference to the "aged" victim, its allegations more closely track the elements of section 646(A)(1) and more reasonably reflect "that [Defendant] pled guilty to an assault and battery which became an aggravated assault and battery because great bodily injury was inflicted by [Defendant] upon the person assaulted." *Fisher*, 2017 WL 8186690, at *4; *see* Okla. Stat. tit. 21, § 646(A)(1); *see also* Okla. Unif. Crim. Jury Instruction No. 4-23.

In addition, section 646(A)(2) requires as an element that the assault and battery be "committed by a person of robust health or strength." Okla. Stat. tit. 21, § 646(A)(2); *accord* Okla. Unif. Crim. Jury Instruction No. 4-24. The Information fails to allege this element, thereby further supporting a determination that Defendant was convicted under section 646(A)(1) rather than section 646(A)(2). *See* Gov't's Ex. 1; *Aluya*, 590 F. App'x at 434 (affirming district court's implicit determination that the defendant was convicted under section 646(A)(1) based upon the charging document's omission of elements required under section 646(A)(2)).

Other judges of this Court have previously held that an aggravated assault and battery conviction under § 646(A)(1) qualifies as a "violent felony" under the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i). *See*

10

*Fisher*, 2017 WL 8186690, at *4; *accord United States v. Laster*, No. CR-13-79-M, 2018 WL 1163035, at *3 (W.D. Okla. Mar. 5, 2018).  This clause of the ACCA is identical to USSG § 4B1.2(a)(1)'s elements-clause definition of "crime of violence" as to "physical force."  Further, "[g]iven the similarity in language between the ACCA and the [USSG] defining 'violent felony' and 'crime of violence,' respectively, we may look to precedent under one provision for guidance under another."  *Manzanares*, 956 F.3d at 1227 n.4 (alterations and internal quotation marks omitted).

The Court therefore concurs with the PSR and determines that Defendant's conviction for aggravated assault and battery in Carter County District Court Case No. CF-2010-404 constitutes a crime of violence under USSG § 4B1.2(a)(1) and is a predicate conviction under USSG § 2K2.1(a)(2).

### C.  Cleveland County District Court Case No. CF-2012-2340

In January 2016, Defendant pled guilty in Cleveland County District Court to one count of kidnapping in violation of title 21, section 741 of the Oklahoma Statutes, and was sentenced to eleven years' imprisonment.  PSR ¶ 36; *see also* PSR Add. at 32, 34-36.

At the sentencing hearing, the Court ruled that this conviction constituted a crime of violence and was a predicate conviction under USSG § 2K2.1(a)(2).  The Court now vacates that determination and any accompanying findings made at the hearing regarding the kidnapping conviction in Case No. CF-2012-2340.

As outlined above, Defendant's prior felony convictions in Carter County District Court Case Nos. CF-2007-108 and CF-2010-404 comprise "at least two" predicate felony convictions under § 2K2.1(a)(2).  USSG § 2K2.1(a)(2).  In other words, this third

conviction is immaterial because there already exist two prior felony convictions that direct the application of § 2K2.1(a)(2). Therefore, "a ruling is unnecessary" as to this objection by Defendant "because the matter will not affect sentencing." Fed. R. Crim. P. 32(i)(3)(B). The Court declines to adopt the relevant aspect of the PSR's recommendation and declines to determine whether Defendant's prior kidnapping conviction would qualify as a crime of violence for purposes of USSG § 2K2.1(a)(2).

## CONCLUSION

As outlined herein, the Court overrules in part and determines that a ruling is unnecessary in part as to Defendant's cited objections to the Final Presentence Report. The U.S. Probation Officer assigned to this case shall ensure that a copy of this order is appended to any copy of the Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 16th day of December, 2021.

*[Signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge